IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL N. SPOHN,

       Plaintiff,                      No. 2:12-cv-0565 KJM CKD P

    vs.

TRINITY COUNTY DISTRICT
ATTORNEY'S OFFICE, et al.,

       Defendants.               ORDER

_____/

        Plaintiff is a county jail inmate proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983. On June 12, 2012, plaintiff's original complaint was dismissed with leave to file a first amended complaint. (Dkt. No. 9.) On July 19, 2012, plaintiff filed a first amended complaint (FAC), or what he describes as "the first 25 pages of" the FAC, to be supplemented as plaintiff is able to photocopy and mail more pages. (Dkt. No. 16 at 1.) In fact, the FAC as docketed consists of only eight pages.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1

1  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
2  U.S.C. § 1915A(b)(1),(2).

3        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
5  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
8  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
9  Cir. 1989); Franklin, 745 F.2d at 1227.

10        A complaint must contain more than a "formulaic recitation of the elements of a
11  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
12  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must
13  contain something more...than...a statement of facts that merely creates a suspicion [of] a legally
14  cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure
15  1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter,
16  accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, ___
17  U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A
18  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
19  the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

20        In reviewing a complaint under this standard, the court must accept as true the
21  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
22  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
23  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

24        Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts.
25  See Swierkiewicz v. Sorema, 534 U.S. 506 (2002).  Complaints are required to set a forth (1) the
26  grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim

showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

Here, the FAC fails to cure the defects of the original complaint. It does not contain a "short and plain" statement of the claim showing entitlement to relief pursuant to Rule 8(a)(2). It names several defendants who are immune from suit, as discussed in the court's original screening order. And it contains numerous unrelated allegations against dozens of named defendants, making it unduly burdensome to determine which of any claims are colorable. Accordingly, the FAC will be dismissed and plaintiff will be granted one last opportunity to file an amended complaint that complies with Rule 8 and the screening standard set forth above.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375

1 | F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that the first amended complaint is is dismissed for the reasons discussed above, with leave to file a Second Amended Complaint within thirty days from the date of service of this order.  Failure to file a second amended complaint will result in a recommendation that this action be dismissed.

Dated: August 9, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
spoh0565.FAC