IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL N. SPOHN,

        Plaintiff,                    No. 2:12-cv-0565 KJM CKD P

    vs.

TRINITY COUNTY DISTRICT
ATTORNEY'S OFFICE, et al.,        ORDER AND

        Defendants.             FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a county jail inmate, proceeding pro se and in forma pauperis, who seeks relief pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's second amended complaint (SAC) filed September 13, 2012. (Dkt. No. 23.)

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

\\\\\

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts. See Swierkiewicz v. Sorema, 534 U.S. 506 (2002). Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever

v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper.  McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

Like the FAC before it, the SAC fails to cure the defects of the original complaint.  It does not contain a "short and plain" statement of the claim showing entitlement to relief pursuant to Rule 8(a)(2).  It names several defendants who are immune from suit, as discussed in the court's original screening order.  It also contains numerous unrelated allegations against dozens of named defendants, making it unduly burdensome to determine which of any claims are colorable.  In its August 10, 2012 order dismissing the FAC, the court cautioned that plaintiff would be "granted one last opportunity to file an amended complaint that complies with Rule 8 and the screening standard set forth above."  (Dkt. No. 18 at 3.)  This is not that complaint.  Indeed, plaintiff's rambling and colorful prose style, while engaging, is fundamentally at odds with the procedural requirements of a federal civil rights complaint.  Thus the court concludes that further opportunity to amend would be futile.

The court will also deny plaintiff's September 13, 2012 motion for an extension of time to file a supplement to the SAC, which he asserts is "substantially longer . . . with hundreds of additionally numbered pages" (Dkt. No. 22 at 3), as there is no indication that such a filing would cure the deficiencies of the SAC.

Accordingly, IT IS HEREBY ORDERED THAT plaintiff's September 13, 2012 motion for an extension of time (Dkt. No. 22) is denied.

IT IS HEREBY RECOMMENDED THAT the Second Amended Complained filed September 13, 2012 (Dkt. No. 23) be dismissed with prejudice for the reasons discussed above.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 18, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

2
spoh0565.SAC