1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 PAUL N. SPOHN,

12              Plaintiff,               No. 2:12-cv-0565 KJM CKD P

13        vs.

14 TRINITY COUNTY DISTRICT
   ATTORNEY'S OFFICE, et al.,

15              Defendants.              ORDER

16 _____/

17        Plaintiff, a county jail inmate proceeding pro se, has filed this civil rights action

18 seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate

19 Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20        On September 19, 2012, the magistrate judge filed findings and

21 recommendations, which were served on plaintiff and which contained notice to plaintiff that

22 any objections to the findings and recommendations were to be filed within twenty-one days.

23 Plaintiff has filed objections to the findings and recommendations.

24        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule

25 304, this court has conducted a *de novo* review of this case.  After this review, the court declines

26 to adopt the magistrate judge's findings and recommendations.

1

The magistrate judge dismissed both plaintiff's original complaint and his First Amended Complaint (FAC), each time granting leave to amend.  (ECF 9, ECF 18.)  Both versions of the complaints were dismissed because they did not contain short and plain statements showing that plaintiff was entitled to relief, as required under Federal Rule of Civil Procedure 8(a)(2); they each named several defendants who are immune from suit, and they contained several unrelated claims against numerous defendants, making it difficult to review any individual claims.  On September 12, 2012, the magistrate judge granted plaintiff a thirty-day extension to file a Second Amended Complaint (SAC).  (ECF 20.)

Plaintiff filed a motion for an additional extension to "properly" file a Second Amended Complaint (SAC) on September 13, 2012, the same day he filed his SAC that the magistrate judge reviewed in the September 19, 2012 findings and recommendations (ECF 22, ECF 23).  Plaintiff explained that he was having trouble obtaining photocopies and materials and that the version of the SAC filed with the court was only a portion of the full document he intended to file.  (ECF 22.)  The magistrate judge recommended: (1) dismissing the SAC because it does not cure the defects in the original complaint and FAC; and (2) denying plaintiff's motion for an extension of time because his request did not indicate that granting the extension would cure the defects.  (ECF 24.)

In his objections to the findings and recommendations, plaintiff asserts that should he be granted another opportunity to file his SAC, because he will cure the deficiencies of the original complaint and FAC.  (ECF 25.)  Particularly in the civil rights context, courts construe pro se complaints liberally, and give them "the benefit of any doubt."  *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (internal citation and quotation omitted).  For this reason, the court will allow plaintiff a brief period of additional time to file a complete version of his SAC, if he is able.

/////

/////

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for a thirty-day extension of time to file his Second Amended Complaint is GRANTED.  Plaintiff is directed to file this complaint by February 19, 2013, limiting it to no more than twenty (20) pages.

2.  This case is referred back to the magistrate judge for further handling.

DATED: January 30, 2013.

_____
UNITED STATES DISTRICT JUDGE